DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed March 24, 2009, requesting that the Complaint be dismissed because Plaintiff did not file a timely petition with the county board of property tax appeals (board). The tax year at issue is 2008-09.
The court heard argument on Defendant's request April 22, 2009. Plaintiff was represented by Thomas H. Hamann (Hamann), Certified Public Accountant, Lake Oswego, Oregon. Defendant was represented by Sirpa Duoos, Personal Property Specialist, Clatsop County Assessor's office.
 I. STATEMENT OF FACTS
The appeal involves the value of Plaintiff's personal property used in connection with a video rental business Plaintiff operates in Cannon Beach, Oregon. Plaintiff acquired all of the assets of the business known as Haystack Video on August 10, 2007, for $33,925. The purchase included all of the tangible and intangible property, including inventory, fixed assets, equipment, furniture and fixtures, hardware and software, supplies, posters, customer lists, goodwill, and other intangibles. (Sale and Security Agreement contract attached to Compl.) *Page 2 
Plaintiff did not file a personal property tax return in 2008. Plaintiff did file such a return in 2009. Defendant valued the taxable personal property, identified in the assessor's records as Account 35380, at $47,099 for the 2008-09 tax year. The assessment included a 50 percent late filing penalty as authorized under ORS 308.296(4), [1]
because Plaintiff never filed the statutorily required return in 2008 (for the 2008-09 tax year). See ORS 308.290(1)(a) (requiring a return be filed for all taxable personal property by March 1 each year).
Plaintiff asserts that the value of the personal property is only $5,000. Plaintiff did file an appeal with the board, which he signed and dated January 6, 2009. The board received Plaintiff's petition January 14, 2009. The board dismissed Plaintiff's petition by Order dated February 3, 2009, because "[t]he petition was not received or postmarked by the filing deadline." (Compl at 3.) Defendant disagrees with Plaintiff's value request, but, as indicated above, Defendant has requested that the appeal be dismissed as untimely.
 II. ANALYSIS
Plaintiff did not appeal to the board as authorized under ORS 309.026, before the December 31, 2008, deadline provided in ORS 309.100(2). A value appeal to the Tax Court is from an order of the board. ORS309.110(7) (providing for an appeal from a board order to the magistrate division of the Oregon Tax Court); ORS 305.275(3) (providing that an appeal to the magistrate division under ORS 305.275 "is from an order of the board as a result of the appeal filed under ORS 309.100 * * * .").
Notwithstanding Plaintiff's untimely petition to the board, the court can consider his value reduction request under ORS 305.288(3), and order a reduction in value, provided Plaintiff establishes "good and sufficient cause" for not timely petitioning the board. A reduction to $5,000 would render the property free from assessment and taxation under ORS 308.250(2) *Page 3 
(providing for cancelation of tax assessment on personal property with an assessed value below $12,500).
Good and sufficient cause is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A).
Hamann explained that Plaintiff's board petition was late because Plaintiff is an artist and taking care of his business is not his primary focus. According to Hamann, Plaintiff phoned Hamann after he received his 2008-09 tax statement and Hamann asked Plaintiff to send the statement to him immediately. Hamann recalls receiving the tax statement from Plaintiff in mid-December. Hamann was on sabbatical at that time and did not focus on the matter until sometime around January 3, 2009. Those circumstances do not constitute extraordinary circumstances beyond the control of Plaintiff or Hamann.
The property tax statement explained the appeal process and deadline, which was received by Plaintiff in mid-October, approximately two and one-half months before the board petition deadline. Had Plaintiff acted sooner, the matter could have been attended to before the December 31, 2008, deadline, including any pre-petition research or inquiries Hamann may have felt were necessary. As indicated above, Plaintiff did not sign the board petition until January 6, 2009. He apparently mailed it shortly thereafter, the board receiving the petition January 14, 2009. Under ORS305.288(5)(b)(B), good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." Plaintiff's untimely petition was due to inadvertence, oversight, or lack of knowledge, not extraordinary circumstances beyond his control. Accordingly, Plaintiff has not satisfied the good and sufficient cause standard. *Page 4 
 III. CONCLUSION
The court concludes that Plaintiff's appeal should be dismissed because he did not appeal to the board before the December 31, 2008, deadline, and does not have good and sufficient cause for failing to do so. Now therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 12, 2009.The Court filed and entered this document on June 12, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition. *Page 1